Good morning, Your Honor. Edgar Page for HOS. If I may reserve one minute for rebuttal, I appreciate it, Your Honor. I gave the Court some additional citations. I had made that point inside the brief regarding 18 U.S.C. 5032. This case has been up to this Court already, and it was remanded for the District Court to make decisions about the factors, the 5032 factors. And during that process, the government asked the Court to reconsider the juvenile status. And so — Well, does it matter here whether this is two cases or one case? Excuse me, Your Honor? Does it matter whether this is two cases or one case? Because if it's all one case, he's charged with a certain amount, a certain crime. He claims that he's a juvenile. The Court decides that he's a juvenile. Then the prosecutors have another arrow in their quiver that even though you are a juvenile, you can be prosecuted as an adult. You have to do that, which they did. And then it came up to this — and the District Court said, yeah, you can be tried as an adult. But the three-judge panel here said, well, it needs to go — you need to tell us what the factors were. You didn't put enough in your decision. Well, then in the interim, it comes out that we get this certified birth certificate that seems to pretty definitely show that he's an adult. So why isn't this — it's all the same case. And if you look at it from the perspective that he lied the first time, and then evidence comes out that he lied about that, and there's evidence that he's an adult, he's not being prosecuted for a new crime. The Court revisits it and says, well, now there's more evidence. You're an adult. So I don't need to worry about saying why we're going to try you as an adult because you're an adult. You know, I just — you know, I'm not seeing — if it's all the — you know, that you can revisit this, why should he be allowed to perpetrate a fraud on the Court? Your Honor, first of all, the — since my client said that he was a juvenile at the time, he's maintained that. Even though he went and got evaluated by a doctor and they continued to try to say he was that age, he's maintained that. The difficulty is — it is true, it's one case. However, the procedure as it's gone along, once he invoked the juvenile status, there are procedures in place that have to be considered. And so it's not just on his word. And I wasn't the attorney at the time of the motion being filed and all of that argument. I was appointed to represent him in this Court after the — on the first instance. And from that point, I've been representing him afterwards. And so when the district court — when that proceeding began to determine his juvenile status, the government had him examined by a doctor. Now, this new document that they presented after we came here and we went back and we're working on the five factors, that document does not fall within the range of the medical evidence. And so the medical evidence says that he was — he was examined a year afterwards. So that doctor's opinion was that at the time he was examined, he was 20 years old, but there was a plus or minus range which would have made him 18 based on the fact that it was a year afterwards. The court found that he had to give the defendant a reason — he had to give the defendant the burden of doubt, and so he said he was 17. At the time of this litigation, the government raised this issue about this certificate, about this birth certificate that they could potentially get. They showed no effort to get that. At the time that this litigation was going on, the attorney at that time had — he had the parents available to be examined. He had them — he even set up a deposition for the government to go to Mexico to have them examined. He also asked for them to be brought to America. But the government stipulated what they would testify to. As far as I can see, they've never withdrawn the stipulation. That is true. But the trouble is, is that now they have a — there's this dispute about — we have forensic — we have the parents saying he was a juvenile, we have this forensic evidence that he was a juvenile. The parents didn't have this chance to be able to explain what's going on, because — And didn't he give his — the older age several times when he was stopped on other occasions by, I don't know which agency now it is, ICE or INS? There is some — there is some evidence. We still have it. When we went back and we were litigating all that, there was still some dispute about whether those records, especially his DUI that they claim he had, and there's still whether those records are correct or — but, yes, they were — so even recognizing that, the Court already had that in its — the Court already had that evidence. Well, you seem to be saying that the Court just can't revisit it, even though there's more presented. And the Court has to. The Court is placed in a situation, either I have to tell the circuit court, give the reasons that I've determined that this juvenile can be tried as an adult, or now that I have more evidence, if he is in fact an adult, I'm going to revisit my earlier determination. In, what, 2006 he said he was a juvenile, then in 2011 he says that he's an adult. You know, I guess what — I don't know why the Court can't revisit it. It's the same case. Why does the Court have to be wrong if the case isn't over? And it's important whether he's a juvenile or whether he is an adult, or whether he's a juvenile that they're trying to try as an adult. The government has not shown any reason, any showing of diligence. And there's cases where, on the other side of that, where if the defendant comes up with the birth certificate later, after the district court has said, no, you're not a juvenile, and they get the certified birth certificate, the Court says, sorry, you should have had that when we were trying to decide that before. And so now we've got the government on the other side who he decided he was a juvenile, and the only reason the district court has jurisdiction was because the government certified. So we've got multiple steps going on here. It's not like — Well, but if the Court is convinced by it, why is the Court, and the case isn't over, why should the Court be wrong? Because it's important whether you treat someone as a juvenile, whether you treat them as an adult, or whether they're a juvenile that you're moving to try as an adult. The Court — you know, I guess on the other hand, let's assume that he'd been determined to be an adult, and then you got additional evidence showing that he's a juvenile. Could the Court have revisited it then? This case law didn't know. They should have brought that evidence forward. So then the Court would just have to go — if you could show that he was a juvenile and he was in the middle of adult proceedings, even though it was later, you're saying the Court can't revisit that? When we're talking about a birth certificate, there is case law that the Court will not revisit it at that time. What case law is that? There — I thought I cited it in my case, and so — Do you have it? If I could give supplemental citation on that, Your Honor, I'd appreciate it. I read it as we were — as we've gone through this. I thought I put it in my briefing, and I do have a case law. This case stands for the proposition, if during a proceeding a court receives evidence of the offender's status, either juvenile or adult, it cannot revisit it. Does it stand for that? It stands for — it's a little bit more than that, Your Honor. It's a matter of diligence. It's a matter of — Isn't it a matter of discretion? Is the difference between, let's say, the case you say and you rely on, is it that they said that the judge didn't abuse his discretion by refusing to consider it, or that he can't? And there's a big difference. Because here — let's just say here the judge said, I refuse to consider it. We might not say it was an abuse of discretion. But he did consider it, and that might not be an abuse of discretion. So I just want to be clear on what you're — on the analogy that you're making. I understand. And I don't want to — I want to come back, because you're right, Your Honor. If it was — if it was looked at and he — based on that, he decided not to, that's a separate issue. But what I want to come back to, it's more than just — it's not like they came up with this birth certificate within a short period of time. It's not necessarily the decision for the court to consider — to reconsider  It's the fact that the government — the government was losing. The court had actually said, based on — based on everything that's gone on to this point, and they had reversed — the government included in their certification the conspiracy. The court said, based on the law that we presented, if I grant the motion to transfer, it's — we're not going to — the government conceded they're not going to include the conspiracy. And also, the government — the judge indicated that based on that, that was a real important issue that he was considering. He probably — unless they could show leadership, he was not going to — he might not grant the transfer. And so it was after that that we have this situation where all of a sudden this birth certificate shows up. But — Yeah, but in our system, we treat juveniles different than we treat adults. And how we proceed, you know, it — if you argue that it's jurisdictional either way, the court's got to do that right. So if the court comes in face-to-face with evidence that indicates it has improperly designated someone either as a juvenile or as an adult, you're asking this to stand for the proposition that the court should just blindly go ahead and be wrong and then, I guess, try them the wrong way. If I may, and maybe I've made the — I've not made my argument very precise, and that is — I guess it's not getting through to me. So that's — Well, I'm not trying to — it's my fault. And so what I'm just trying to say is the court makes a decision, and the court actually reinsures my client within that short period of time. The only reason we're going forward is because the government is certified that you're a juvenile. So here they are. They're certifying. They're not saying, wait a minute, Your Honor, I've got this birth certificate that I mentioned inside my pleadings that if we just had it. And so — but instead they relied on the medical evidence. And the medical evidence does not comport with this new birth certificate. There's a wide range. And I asked the court, well, Your Honor, if you're going to depend on this new birth certificate, can we at least bring the doctor in? And we say, you know, look, doctor, now they're saying he's 25. You said he was 20. Does your medical evidence — there can be problems with the birth certificate, the typographical errors. There could be a wide range. It's not like they came up with — I'm sorry, did you challenge? Did you raise these issues? I did raise that issue in the district court. I said, well, Your Honor, if you're going to decide that, can we at least bring the doctor in? No, we're not — you know, if they're going to raise more evidence, then let's bring the doctor in. Well, the doctor was — he can't be precise. He said he was 20 at the time that he made the examination. That would have made him 18, roughly, but — so he could have been 17. But these are not precise. Looking at somebody's, what, X-rays of his teeth? Yes, sir. And those are not precise numbers. I mean — The document that they present says he's 25 at the time. Did you subpoena the doctor? Excuse me, Your Honor? Did you subpoena the doctor? I did not subpoena the doctor. I mean, they don't have to put him on as a witness. You can put him on if you think the doctor has something useful to say. You can subpoena him. Say, if you're going to put in a certificate, I'd like to subpoena the doctor and examine him, right? I mean, I don't mean you. I mean your client. I — There was no reason it couldn't be subpoenaed, right? Excuse me? There's no reason the doctor couldn't be subpoenaed, right? I don't think so. If the court's going to decide in the government's favor we could remand for that evidentiary consideration, we'd appreciate it. Your Honor, when the birth certificate says 25 and the evidence at the time would have been 18, or he was saying he was 20 at the time, it was a year later, so he would have been 19. So you see that there's a wide range that doesn't even fit within the medical evidence, which was the evidence that was relied on by the district court. And all I'm saying is not that the district court couldn't have reconsidered it. It's that by the time the government finally came around to getting this document, it had been so long that we had lost our evidence, too, that we had lost additional evidence that could have helped us preserve it. Thank you. And what evidence did you lose? Well, we lost the parents, for one thing. And when I sent, and you bring this up to the court, at the time for the second investigation, Your Honor, Mexico was in a, still is in a violent state. And my investigator went down there. People would not talk to him. It was not the same state of affairs as it was three to four years earlier when the initial investigation was going on. But wouldn't you have had, on the 503 remand, which was for the judge to make explicit findings and also just allow the government to supplement the record, two of those issues involved social history and age. So they would have had to have been reexamined even if the government didn't ask him to formally reconsider so they could treat him as an adult. No, no, no. Your Honor, in the 503-2 hearing, you do not, the law is not that you redetermine whether there's a juvenile status. The 503-2. No, I understand that. But I'm saying the factors that you take into account, and when the government says judge, even though he's a juvenile in effect, treat him as an adult, the factors, among the factors that the judge has to take into account is the social history and age, all of which would have required the same thing that you now say you couldn't do. No, it's not. It's not, if I may respectfully disagree, Your Honor. At the five, that age and social factor is only, it's the age at the time of the event, which based on the medical evidence, and the judge already finding that he was 17 at the time of the hearing, that fact is already established. So that would be the fact. And the second age is considered is what age is he now at the time the hearing is being considered. And so it's based, so if it's five years later, he's 17, he's 23. And so it is not a redetermination of juvenile status age that the law is. That's the law, Your Honor. I'm not trying to, I'm respectfully trying to point to that. And isn't this a case, a model of why these issues should not be subject to interlocutory appeal? This defendant, I think, was arrested or indicted in early 2005. It's now 2012. But, Your Honor, there hasn't been tried. The case has been up here twice. Conceivably, it could go back yet, depending on how we ruled, it could go back yet for another hearing. Isn't this a case that clearly shows what's wrong with interlocutory review? No, Your Honor. And the reason why is because juvenile status was established. And it was established. We fought over that for a year, the other attorney. And the government was the one that demanded that the court make the decision on the juvenile status. It was the government. And so it's not, the defendant's, the law is relatively clear that once juvenile status is determined and the adults decide to motion transfer, he gets to come back up. And so that's what we came up for. We, he, the court sent it back down for the 5032 factors to be considered. To prevail, you have to, you have to establish that the juvenile, and you're the same age, you were born the same year, whenever you look at someone's age. So what you have to establish is that juvenile status that was determined is that he's entitled to, regardless of what evidence comes out during when the same case is going on, it can't be considered. That's what you have to show to prevail. That it cannot be considered? Well, that it can't be considered. Because his juvenile status was on the evidence that was based at that time. The case isn't over. So what his age was at the time of the offense is still a live issue. And so your argument is that it can't be, that issue cannot be revisited because they once determined it. Well, the, the, it's not newly discovered evidence is what the problem is, is that the government was aware of this birth certificate at the time. They did not even seek it at the time that they were demanding that the district Okay. I think we're, we're just, we're revisiting the same ground.  Thank you. Thank you. We'll hear from the government. Good morning, Your Honors. I'm Karen Escobar, and I'm the attorney who's had this case for a number of years. And I agree with Your Honor. This is not the place to litigate the issue of defendant's age. The place is in the district court. The defense has not cited to any persuasive authority that this court has jurisdiction to consider the issue of whether. He seems to be saying, if I'm understanding his argument, that there wasn't any attempt on your part to get the defendant's birth certificate until at least two years after the district court found him to be a minor. And it wasn't offered until three years had passed. So he seems to be indicating the lack of your diligence as the government and the delay that the evidence shouldn't be considered as timely. That this initial determination that was a juvenile cannot be disrupted because of your lack of diligence. That's the way I'm understanding his argument. Yes. He's nodding his head, so. Had I known that the government of Mexico would have produced the certified birth certificate in a timely manner, I think that would have been the route to go from the outset. There was authority in the U.S. Tourism Annual that indicates, this is in the actually the Federal Narcotics Manual, the U.S. Department of Justice, stating that despite the growing severity of the drug cartel problem in Mexico and its effects on the United States, U.S. prosecutors hoping to obtain admissible evidence from Mexico through formal channels for use in narcotics-related prosecutions will encounter many frustrations and scant likelihood of success. And knowing that, we did not seek the MLAT. When the case was remanded, the government sought the MLAT. The government. What does MLAT mean? The Mutual Legal Assistance Treaty documents from Mexico. We have to go through the Office of International Affairs at the Justice Department, have the documents translated by a Spanish interpreter, and it's sent through diplomatic channels to the Mexican government. We initiated that process on remand in order to obtain evidence of the defendant's age, which is a factor to consider under the Juvenile Delinquency Act, as well as social background. We also asked specifically for any criminal history of the defendant. So we were not focusing just on age. When we received back from the government of Mexico the certified, properly certified birth certificate, it established definitively the defendant, at least based upon that particular name with the name of those parents, that he was, in fact, an adult at the time of the offense. And we believe this was the best evidence, and it was incumbent upon us then to advise the district court that we had this evidence, and we agree with Your Honor that we should not allow the defendant to perpetuate a fraud upon the court. The evidence that the district court relied upon initially was. But he was entitled to present evidence, you know, that the document might be forged or that he's the wrong guy or there was a mistake or anything like that. Was he given an opportunity to do that? He did at the outset present evidence upon which the district court initially relied in finding the defendant was a juvenile. No, I don't think you understood my question. So my question is, once this document turns up, was he given an opportunity to put in evidence? Oh, when the government of Mexico submitted the birth certificate? Well, when the court now had this new evidence before it. Okay? It was not when the government of Mexico. The government of Mexico is not a party to this proceeding, right? Right. No, we submitted it. So this is a piece of evidence that's presented by one of the parties, presumably the government, right? Yes. So when a party presents additional evidence bearing on an issue that's before the court, normally there's a chance for the other side to present counter evidence, to rebut, to contest, right? Right. Did that happen? The defense did not present any evidence to rebut the government's evidence. The government moved it. I keep asking questions, and you keep answering different questions. Was he given an opportunity to present evidence? I'm not asking whether he did or he didn't. I'm not asking whether he had the chance or whether he presented evidence earlier. Just listen to the question I'm actually asking and answer the question I'm actually asking, okay? Not some other question. Do you understand what the question is? Was he given the opportunity to present evidence to counter the government's evidence of his actual birth? That's it, okay? Okay. That's simple, right? Yes, yes. He was given that opportunity. If the court looks at the timeline, the government filed its motion to revoke the juvenile finding. That was December 14th of 2009. The district court did not make an ultimate finding regarding that motion until March 7th, 2011. There were many months for the defense to present counter evidence. What he did during that time is argue that the government did not have authority to present the new evidence. He argued the claim preclusion, res judicata, and he also during that time claimed that his client was not competent, and there was a period of time where the defendant was remanded to the custody of the attorney general for a mental evaluation. That took several months. But during that whole period, which was well over a year, he did not present evidence to counter the government's. So what you're saying is you made a motion. Correct. And he had an opportunity to oppose it and say whatever he wanted in opposition. Is that what you're saying? It's that simple, yes. That was the opportunity. There was that opportunity to rebut. And we believe that the case falls squarely within the exceptions to the law of the case doctrine. There was substantially different evidence the government presented to the district court to support. So it matters whether it's the same case or whether it's two cases. It does. If we concluded that it was dismissed in 2006 and this is a different case, then the argument is different than whether this is all the same case. Yes. We believe it is the same case. And the Court had ‑‑ it was incumbent upon the Court to consider the substantially new and different evidence and to prevent an injustice. It would be inequitable for the Court to proceed on the basis of its original finding that the defendant was a juvenile. And that finding, we believe, was based upon weak and unreliable evidence. What the defense initially presented was an unsigned declaration. So if it's one case, you can revisit it. If it's two cases, you can't. Yes. And you're saying it's one case. It is one case. That is our position. And, again, we do not believe the Court has jurisdiction to consider the issue at this time in light of the Gomez‑Gomez case the government cited, which is specifically on point. Albeit not from this district, the government could not find a Ninth Circuit case, but this is a case out of the Sixth District, Sixth Circuit, deciding the very issue relating to jurisdiction that in that particular case, Gomez‑Gomez, the court held the district court's rejection of a motion to dismiss based on the factual determination that the defendant in that case is not a juvenile is not immediately appealable under the collateral order doctrine. So we believe there is no jurisdiction. If the court is reaching the merits of the case, we believe the ‑‑ this case falls within the exceptions to the law of the case doctrine. The district court was entitled to consider and to avoid manifest injustice to consider the new evidence, the Mexican birth certificate. Can I ask you about that Sixth Circuit case? I don't think this should be appealable. I don't think ‑‑ I think this case shows that this case has now been going on for seven years, and if you should prevail, it will go on longer. If either of you prevail, it will go on longer precisely because of these appeals. But I don't find terribly persuasive the argument that the age is a matter of fact, but the 53A factors, the exercise of a judge's discretion to apply the law to the facts is discretionary, really addresses the reasons why we've held that this order is appealable, that he could do time in adult prison and at the other, that somehow the records were not sealed. I don't quite grasp the significance of that distinction, although I think it's ‑‑ I agree that this shouldn't be appealed. It should have never been allowed to have been appealed to begin with, and then the case would have been over, and if he were right, we could have reversed the adult conviction, and he could have been treated as a juvenile, and he wouldn't have even needed a new trial because he would have had, in the way of procedural rights, he would have had more if he would have been treated as an adult than a juvenile, including a right to a jury trial. I agree, and my time is up, unless the Court has further questions. Thank you. Thank you very much. Cage will argue with Sam Smith.
judges: Korman, Kozinski, Callahan